**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------ X

In re

1583 58 STREET LLC, Debtor.

Chapter 11
Case No. 26-45153-ess

------------------------------------ X

**~~EXHIBIT A~~**

**~~PROPOSED~~ ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE**

Upon the Debtor's motion under 11 U.S.C. § 502(b)(9) and Bankruptcy Rule 3003(c)(3), and the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334; and upon due notice and consideration of the motion, and good cause appearing, it is hereby ORDERED:

1. Except as otherwise provided in this Order, each person or entity asserting a claim against 1583 58 Street LLC that arose before November 4, 2026, including secured and priority claims and claims under 11 U.S.C. § 503(b)(9), shall file a proof of claim so that it is actually received by the Clerk on or before March 1, 2027 at 5:00 p.m. (Eastern Time) (the "General Bar Date").

2. Notwithstanding paragraph 1, governmental units as defined in 11 U.S.C. § 101(27) shall file proofs of prepetition claims so that they are actually received on or before May 3, 2027 at 5:00 p.m. (Eastern Time) (the "Governmental Bar Date"). These dates are collectively the "Bar Dates."

3. Proofs of claim shall conform substantially to Official Form 410; identify the Debtor and Case No. 26-45153-ess; be signed by the claimant or an authorized agent; be in English; state the basis and amount of the claim in United States currency as of November 4, 2026; and include supporting documents, a summary if voluminous, or an explanation of unavailability. Bankruptcy Rule 9037 applies to personal identifiers.

4. Attorneys and institutional creditor employees with CM/ECF accounts shall file electronically through CM/ECF. Persons without accounts may use ePOC at www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc, selecting "File a Claim," or mail or deliver an original proof of claim to United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800. Paper delivery is subject to the Clerk's posted intake hours. Claims are timely only upon actual receipt. Electronic mail and facsimile filing are not permitted.

5. The following holders need not file by the Bar Dates with respect to the specified claims: (a) a holder that already properly filed its claim in this case in a form substantially conforming to Official Form 410; (b) a holder whose claim is scheduled as undisputed, noncontingent and

liquidated and who agrees with its scheduled amount, nature and priority; (c) a holder whose claim has been allowed by Court order; (d) a holder whose claim has been paid in full; (e) a holder whose claim is subject to a separate Court-fixed filing deadline; and (f) a holder of an administrative expense claim under sections 503(b) and 507(a)(2), other than a section 503(b)(9) claim. Section 503(b)(9) claims are subject to the applicable Bar Date.

6. Claims arising from rejection under an order entered on or before entry of this Order shall be filed by the later of the applicable Bar Date and 30 days after entry of the rejection order, unless a different deadline is fixed by the Court. Claims arising from rejection under an order entered after entry of this Order shall be filed by the deadline fixed in that order. If none is fixed, a deadline shall be established on further notice.

7. Holders of equity interests need not file proofs of interest solely for ownership of those interests. Any nonexempt claim asserted by an equity holder, including a claim relating to the purchase or sale of an equity interest, shall be filed by the applicable Bar Date.

8. If the Debtor amends or supplements its schedules after entry of this Order to affect a claim, the Debtor shall serve notice on the affected holder, stating the change and the resulting deadline. Such holder shall have until the later of the applicable Bar Date and 30 days after service of that notice to file a proof of claim, unless otherwise ordered. No amendment notice shall shorten the Governmental Bar Date.

9. Nothing herein prejudices the right of the Debtor or any party in interest to dispute a claim or assert defenses or offsets. Entry of this Order does not allow any claim.

10. Under Bankruptcy Rule 3003(c)(2), a holder required to file a proof of claim who fails timely to file in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution, subject to applicable law and further Court order. This Order does not itself discharge the Debtor, avoid a lien, or adjudicate an asserted informal proof of claim.

11. The form of notice annexed to this Order is approved. Within five days after entry of this Order, and in all events no later than January 15, 2027, the Debtor shall serve by first-class mail the entered Order, approved notice and Official Form 410 on: the United States Trustee; counsel to each official committee, if any; any debtor-in-possession lender; all parties requesting notice; all filed claimants; all creditors and known potential claimants, including scheduled creditors; all parties to executory contracts and unexpired leases; all parties to litigation with the Debtor and their counsel; the Internal Revenue Service; and all other recipients required by Bankruptcy Rule 2002(j) and Local Bankruptcy Rule 2002-2. The Debtor shall file proof of service. Foreign-address service shall comply with Bankruptcy Rule 2002(p).

12. Notice shall provide at least 45 days between mailing and the applicable Bar Date. If entry or service timing makes compliance impossible, the Debtor shall promptly seek revised dates before serving the notice. No publication is authorized by this Order. Any request for publication and related scheduling relief shall be made on further application.

13. The Debtor is authorized to take steps necessary to implement this Order. Entry is without prejudice to a further application to establish deadlines for claims or interests not subject to these Bar Dates. The Court retains jurisdiction to interpret and enforce this Order.

Dated: Brooklyn, New York
November 12, 2026

Elizabeth S. Stong
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------- X

In re

1583 58 STREET LLC, Debtor.

Chapter 11
Case No. 26-45153-ess

-------------------------------------------------- X

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**
**GENERAL BAR DATE MARCH 1, 2027 AT 5:00 P.M. EASTERN TIME**
**GOVERNMENTAL BAR DATE MAY 3, 2027 AT 5:00 P.M. EASTERN TIME**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST 1583 58 STREET LLC:**

By order of the United States Bankruptcy Court for the Eastern District of New York, proofs of claim against 1583 58 Street LLC (the "Debtor"), Case No. 26-45153-ess, must be filed by the applicable deadline below, subject to the stated exceptions. This case was commenced on November 4, 2026 (the "Petition Date").

**1.** Who must file

Except as provided in Section 4, you MUST file a proof of claim if you hold a claim arising before the Petition Date and wish to vote on a chapter 11 plan or share in distributions. This includes a claim that is omitted from the Debtor's schedules or is scheduled as disputed, contingent or unliquidated, or for which you disagree with the scheduled amount, nature or priority. Prepetition claims may be secured, unsecured, priority, contingent, unmatured, disputed or unliquidated. A claim includes a right to payment and a right to an equitable remedy for breach of performance if the breach gives rise to a right to payment, as defined in 11 U.S.C. § 101(5).

Claims under 11 U.S.C. § 503(b)(9) for the value of goods received by the Debtor within 20 days before the Petition Date and sold in the ordinary course of the Debtor's business must also be filed by the applicable Bar Date. The order does not establish a general deadline for other administrative expense claims.

**2.** What to file

Use Official Form 410, a copy of which accompanies the mailed notice. Identify 1583 58 Street LLC and Case No. 26-45153-ess. The proof of claim must be in English, state the amount in United States currency as of November 4, 2026 and the basis of the claim, be signed by the claimant or an authorized agent, and include supporting documents, a summary if voluminous, or an explanation of their unavailability. Forms are available from www.uscourts.gov/forms-rules/forms and the Court's website.

Redact personal identifiers under Bankruptcy Rule 9037: include only the last four digits of social security, taxpayer identification and financial account numbers; only the year of birth; and only a minor's initials.

**3.** When and where to file

General Bar Date: March 1, 2027 at 5:00 p.m. (Eastern Time).
Governmental Bar Date: May 3, 2027 at 5:00 p.m. (Eastern Time), for governmental units as defined in 11 U.S.C. § 101(27).

Claims must ACTUALLY BE RECEIVED by the Clerk by the applicable deadline. Mailing by that date is insufficient. Attorneys and institutional creditor employees with CM/ECF accounts shall file through CM/ECF. Persons without CM/ECF accounts may file through ePOC at www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc, using "File a Claim," without a login or password, or mail or deliver an original proof of claim to:

United States Bankruptcy Court, Eastern District of New York
Conrad B. Duberstein U.S. Bankruptcy Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

Paper delivery is subject to the Clerk's posted intake hours and must occur before the office closes and no later than the applicable deadline. Filing by facsimile or electronic mail is not permitted.

**4.** Who need not file

The following claims need not be filed by these Bar Dates: (a) claims already properly filed in this case in a form substantially conforming to Official Form 410; (b) claims listed in the Debtor's schedules as undisputed, noncontingent and liquidated, if the claimant agrees with the scheduled amount, nature and priority; (c) claims already allowed by Court order; (d) claims paid in full; (e) claims for which the Court has fixed another deadline; and (f) administrative expense claims under sections 503(b) and 507(a)(2), OTHER THAN section 503(b)(9) claims.

Equity holders need not file proofs of interest solely for their ownership interests. If an equity holder also asserts a nonexempt claim against the Debtor, including a claim relating to the purchase or sale of an equity interest, a proof of that claim must be filed by the applicable Bar Date. Receipt of this notice does not establish that the recipient holds a claim.

**5.** Rejection claims and amended schedules

A claim arising from rejection under an order entered on or before entry of the Bar Date Order must be filed by the later of the applicable Bar Date and 30 days after entry of the rejection order, unless another deadline is fixed by the Court. For a rejection order entered after the Bar Date Order, the deadline fixed in the rejection order governs. If no deadline is fixed, a deadline must be established on further notice.

If the Debtor amends or supplements its schedules to affect your claim, you will receive notice and may file by the later of the applicable Bar Date and 30 days after service of the amendment notice, unless the Court orders otherwise.

**6.** Consequences of failure to file

A HOLDER REQUIRED TO FILE A PROOF OF CLAIM WHO FAILS TIMELY TO FILE IN APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THAT CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION, SUBJECT TO APPLICABLE LAW AND FURTHER COURT ORDER. THE BAR DATE ORDER DOES NOT ITSELF DISCHARGE THE DEBTOR OR AVOID A LIEN.

**7.** Schedules and additional information

If you rely on the schedules, you are responsible for determining that your claim is accurately listed and is not disputed, contingent or unliquidated. Schedules, when filed, and other docket documents may be accessed through PACER at pacer.uscourts.gov, subject to applicable charges, or requested from Debtor's counsel. A blank claim form does not mean a claim has been scheduled or allowed.

Questions concerning access to documents or this notice may be directed to Vivian Sobers, Esq., Sobers Law, PLLC, 11 Broadway, Suite 615, New York, New York 10004; (917) 225-4501; vsobers@soberslaw.com. Claimants should consult their own attorneys about whether and how to file a claim.

**BY ORDER OF THE COURT**